**VIRGINIA:**

In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond, on Friday, the 20th day of April, 2007.

Suzanne Reifman, Personal Representative
for the Estate of Bruce Reifman, Deceased,                    Appellant,

   against   Record No. 061230
               Circuit Court No. 2004-222159

Robert M. Gorsen, M.D., et al.,                    Appellees.

Upon an appeal from a judgment rendered by the
Circuit Court of Fairfax County.

Upon consideration of the record, briefs, and the arguments of counsel, the Court is of opinion that there is no reversible error in the judgment of the Circuit Court of Fairfax County.

Suzanne Reifman, personal representative for the estate of Bruce Reifman, deceased, brought this action against Robert M. Gorsen, M.D., Kathleen B. French, M.D., Daniel R. Swerdlow, M.D., and Fairfax Radiological Consultants, P.C., to recover damages for medical malpractice. The plaintiff contended that each defendant departed from the applicable standard of care in failing to make a timely diagnosis of hydrocephalus,[*] the immediate cause of the decedent's death. A five-day jury trial resulted in a verdict in favor of all defendants. The circuit court entered final judgment on the verdict and we awarded the plaintiff an appeal.

There is a single assignment of error: That the circuit court erred in refusing to admit into evidence Exhibit 18A, a medical

---

[*] The parties do not dispute that for purposes of the present case hydrocephalus refers to the accumulation of cerebral spinal fluid in the ventricles of the brain, leading to their enlargement and swelling.

record transcribed on April 21, 2001 at Inova Alexandria Hospital, consisting of an addendum to a report of a magnetic resonance imaging scan of the decedent's brain made while he was a patient at that hospital (the Alexandria report).

The day after the Alexandria report was transcribed, the decedent was admitted to Inova Fairfax Hospital, where he expired on April 28, 2001. Dr. Gorsen had been the decedent's attending neurosurgeon since 1999. Personnel at the Alexandria hospital were aware of that relationship and sent a copy of the Alexandria report to Dr. Gorsen's office. Dr. Gorsen, however, was attending a conference in Toronto at the time and did not return to Virginia until April 25, 2001. He made a handwritten notation on his copy of the Alexandria report that he had not received it until May 2, 2001, after the decedent's death.

At trial, the plaintiff offered no evidence to refute Dr. Gorsen's assertion of the time he had received the Alexandria report and there was no evidence that any of the other defendants had ever seen it before the death of the decedent. The court marked the report Exhibit 18A for identification and gave plaintiff's counsel an opportunity to lay a foundation for its admission.

Plaintiff's counsel cross-examined Dr. Gorsen concerning the content of the report as well as the time of its receipt, in an effort to lay a foundation for its admission. Plaintiff's counsel was permitted to refer to it again in his closing argument to the jury, contending that it showed that Dr. Gorsen had timely notice of the decedent's condition. Nevertheless, plaintiff's counsel never moved the court to admit Exhibit 18A in evidence until after the

2

evidence was closed, the parties had rested, an alternate juror had been excused, the court had instructed the jury, and the jury had retired to consider its verdict. When counsel then, for the first time, moved for the exhibit's admission, the court denied the motion, observing that if the exhibit were to be admitted, a limiting instruction would be necessary and it was too late to reopen the trial for that purpose.

Even if the exhibit might properly have been admitted into evidence, the trial court was given no timely opportunity to do so. A motion to admit evidence after the evidence has been closed comes too late. The court might, in its discretion, have permitted the reopening of the trial for that purpose, see Mundy v. Commonwealth, 161 Va. 1049, 1064, 171 S.E. 691, 696 (1933); Bishop v. Webster, 154 Va. 771, 778, 153 S.E. 832, 834 (1930), but did not abuse its discretion in refusing to do so, particularly in light of the plaintiff's abundant opportunity to make a timely motion for admission of the exhibit during the five days of trial. See Moore v. Dixie Fire Ins. Co., 19 Ga. App. 800, 806-07, 92 S.E. 302, 305 (1917). Accordingly, the Court affirms the judgment of the circuit court. The appellant shall pay to the appellees thirty dollars damages.

This order shall be published in the Virginia Reports and shall be certified to the said circuit court.

A Copy,

Teste:


Patricia L. Harrington, Clerk